COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Frank


VAGHARSHAK A. VARTANIAN

                                        MEMORANDUM OPINION* BY
v.   Record No. 2048-98-4              JUDGE ROSEMARIE ANNUNZIATA
                                           SEPTEMBER 28, 1999
ADVANTAGE AUTO STORES AND
 ZURICH INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Vagharshak Vartanian, pro se, on brief).

                (Edward H. Grove, III; Brault, Palmer, Grove,
                Zimmerman, White & Mims, on brief), for
                appellees.


        Vagharshak Vartanian ("claimant") contends that the

Workers' Compensation Commission ("commission") erred in finding

that he failed to prove that (1) his varicose veins were caused

by a physical therapy session on September 19, 1997 necessitated

by his compensable August 5, 1997 left knee injury; and (2) his

post-September 25, 1997 disability was causally related to his

compensable August 5, 1997 injury by accident.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27; Smith v. Commonwealth,

16 Va. App. 630, 635, 432 S.E.2d 2, 5 (1993).

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant failed to sustain his burden of proof, the commission found as follows:

> While we find that there is an association in time between the emergence of claimant's varicose veins and his physical therapy on September 19, 1997, there is no opinion from either of the physicians, Dr. [Danielle] Cheung or Dr. [Michael] Clemens, who examined claimant for his vein problems, that these vein problems were in any way caused by claimant's physical therapy regimen. Dr. [Fredric] Salter believed it unlikely that claimant's varicose veins were the result of the physical therapy regimen. None of the doctors have stated an opinion that the claimant is unable to return to work because of varicose veins, and the orthopedic physicians have cleared the claimant to return to work without restriction.
>
> . . . In this case there is no opinion from any physician causally relating the claimant's varicose veins to his accident or his physical therapy for his left knee injury sustained in that accident. For the Commission to infer such a causal relationship would be mere speculation without any expert guidance from the physicians who have examined the claimant.

The commission's findings are amply supported by the record.  Based upon the lack of any persuasive medical opinion that claimant's varicose veins were caused by his compensable August 5, 1997 left knee injury or by his physical therapy regimen, we cannot say as a matter of law that claimant's evidence sustained his burden of proving causation.  In addition, because it was undisputed that claimant's orthopedic physicians released him to return to work without restrictions, we cannot say as a matter of law that he proved that his post-September 25, 1997 disability was causally related to his compensable August 5, 1997 injury by accident.

For these reasons, we affirm the commission's decision.

Affirmed.